# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH SLOMNICKI, | ) |
| Plaintiff, | ) Case No. 2:16-cv-1356-JFC |
| v. | ) |
| | ) Chief District Judge Joy Flowers Conti |
| ALLEGHENY COUNTY, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

CONTI, Chief District Judge.

### I. Introduction

*Pro se* plaintiff Joseph Slomnicki ("plaintiff") initiated this action on September 1, 2016 by filing a pre-printed form complaint (ECF No. 3) in which he alleges only a single fact: "Defendants violated Plaintiffs Probation Incarcerated, Plaintiff April 7, 2016." (*Id*. at 5.) The complaint invokes 42 U.S.C. § 1983 and names three defendants: Allegheny County, Pennsylvania; Rich Fitzgerald, described as a "County – Office Manager"; and Allegheny County Sheriff William Mullen. (*Id*. at 2-4.) No other facts are alleged in the complaint.

Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for a more definite statement pursuant to Rule 12(e). (ECF No. 5, 15.) Plaintiff failed to respond to either motion.

### II. Standard

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must plead facts sufficient at least to "suggest" a basis for liability. *Spruill v. Gillis*, 372 F.3d 218, 236 n. 12 (3d Cir. 2004). "Specific

facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). As noted by the Third Circuit Court of Appeals:

> Context matters in notice pleading. Fair notice under Rule 8(a) (2) depends on the type of case-some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Indeed, taking [*Bell Atlantic Corp. v. Twomblv*, 550 U.S. 544, 555 (2007)] and the Court's contemporaneous opinion in *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), together, we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8. Put another way, in light of *Twomblv*, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.

*Phillips*, 515 F.3d at 232 (citations omitted).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id*. (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id*.

Two working principles underlie *Twombly. Iqbal,* 556 U.S. at 678. First, with respect to mere conclusory statements, a court need not accept as true all the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id*. (*citing Twombly*, 550 U.S. at 555.) Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will ... be a content-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

In this case, plaintiff is proceeding without the benefit of legal counsel. *Pro se* plaintiffs are held to a less stringent standard than individuals who are represented by counsel. *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("*[P]ro se* litigants are held to a lesser pleading standard than other parties."). Nevertheless, for Rule 12(b)(6) purposes, "a *pro se* complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Salley v. Sec'y Pa. Dep't of Corr.,* 565 F. App'x 77, 81 (3d Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678); *see Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) ("[A] litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds *pro se*.").

### III. Analysis

In order to establish a claim for relief pursuant to 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States" and "that the alleged deprivation was committed or caused by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, the only factual allegation set forth in the complaint is the conclusory averment that the defendants violated Plaintiff's probation on April 7, 2016, resulting in his incarceration. (ECF No. 3 at 5.) This lone assertion fails to provide adequate notice concerning the alleged deprivation of any particular statutory or constitutional right, let alone sufficient factual allegations to state a claim for relief that is plausible on its face.

3

*See Twombly*, 550 U.S. at 555; Salley, 565 F. App'x at 81. Indeed, the complaint can be fairly characterized as "so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232.

In light of this shortcoming, as well as plaintiff's failure to file a response to either motion, defendants' motions to dismiss will each be granted for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff is instructed to file an amended complaint, if factually warranted, within thirty days of this order. The amended complaint should contain a short and plain recitation of facts indicating the basis for plaintiff's claims and the manner in which his rights were allegedly violated by the defendants. Failure to file an amended complaint within the thirty-day time period may result in dismissal of this action, with prejudice. An appropriate order will be entered.

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge

Dated: December 13, 2016